UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTORINO L.C.,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement, in his official capacity; DAVID EASTERWOOD, Acting Director of Enforcement and Removal Operations, MINNEAPOLIS - St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity; CARLOS CISNEROS, ICE Field Office Director of Harlingen Field Office, Immigration and Customs Enforcement, in his official capacity; and WARDEN OF PORT ISABEL PROCESSING CENTER, Custodian Of Detainees at The Port Isabel Detention Center, in their official capacity,<br><br>Respondents. | Case No. 26-CV-679 (NEB/EMB)<br><br>ORDER ON<br>PETITION FOR<br>WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner Victorino L.C.'s Petition for a Writ of Habeas Corpus. (ECF No. 1.) Victorino L.C. is a citizen of Mexico who has lived in the United States since 2005. On December 3, 2025, Respondents detained Victorino L.C. at his worksite without a warrant. Three days later, Respondents transferred him to the Port

Isabel detention center in Texas, where he remains today. (ECF No. 4 at 2.) Victorino L.C. filed this habeas action over a month later.

Respondents assert that the Court lacks jurisdiction and ask the Court (in their response, not in a motion) to dismiss the Petition or transfer it to the United States District Court for the Southern District of Texas. (*Id.*) Generally, habeas petitions seeking to challenge present physical custody should (1) name the petitioner's immediate custodian as a respondent; and (2) be filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 443–44 (2004).

Victorino L.C. acknowledges these general rules, but he argues that Minnesota is the appropriate forum, despite his detention in Texas, because his custodians can be easily served, Victorino L.C. lives in Minnesota, and a substantial part of the relevant events occurred in Minnesota.

There are two flaws with Victorino L.C.'s argument. *First*, Victorino L.C. relies on 28 U.S.C. Section 1391(e), which establishes venue rules for civil actions. But Victorino L.C. did not bring a standard civil action; he brought a habeas petition. Habeas forum-location rules are found in 28 U.S.C. Section 2241, which provides that district courts may grant habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). And the Supreme Court has interpreted this language to mean that habeas petitions should, generally, be brought in the district of confinement. *Padilla*, 542 U.S. at 443. So Victorino

L.C.'s reliance on the venue rules for standard civil actions is misplaced. *Williams v. Clarke*, 82 F.3d 270, 272 (8th Cir. 1996) ("We acknowledge that the rules of civil procedure apply to habeas corpus petitions only 'when appropriate' and 'to the extent that they are not inconsistent with' the rules governing habeas corpus cases."); *Padilla*, 542 U.S. at 452–53 (Kennedy J., concurring, joined by O'Connor, J.) (stating that "these forum-location rules for habeas petitions are based on the habeas statutes and the cases interpreting them" rather than the "venue rules and venue considerations that apply to other sorts of civil lawsuits.").

*Second*, Victorino L.C. relies on *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), but *Braden* does not help his argument. In *Braden*, an Alabama petitioner filed a habeas petition in the Western District of Kentucky, arguing that his pending Kentucky indictment violated his right to a speedy trial. 410 U.S. 484, 485 (1973). Although Alabama was the district of confinement, the Court permitted the habeas filing in Kentucky because it was the most convenient forum to litigate his claim. *Id.* at 499–500. In reaching that conclusion, the Supreme Court said that "[s]o long as the custodian can be reached by service of process" courts can issue writs under Section 2241(a) "even if the prisoner himself is confined outside the court's territorial jurisdiction." *Id.* at 495. Victorino L.C. argues that because his custodians can be easily served, and because most

of the events took place in Minnesota, Minnesota is the most convenient forum, so the Court can rule on his Petition.

But the Supreme Court expressly rejected this line of reasoning in *Padilla*. It explained that the dual-custody exception in *Braden* is an exception for petitioners who challenge *future* confinement in a district different from their district of confinement. *Padilla*, 542 U.S. at 444–45. The Court rejected the argument that *Braden* stood "for the proposition that jurisdiction [within the meaning of Section 2241(a)] will lie in any district in which the respondent is amenable to service of process." *Id.* at 443. "*Braden* does not derogate from the traditional district of confinement rule for core habeas petitions challenging *present* physical custody." *Id.* at 445 (emphasis added). Unlike *Braden*, Victorino L.C. challenges his present physical custody, not a future confinement. Accordingly, and consistent with the Supreme Court's ruling in *Padilla*, the *Braden* exception is inapplicable.

Nor is this case like others in the District in which courts have applied an exception to the district-of-confinement rule because "there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed" or "the Government was not forthcoming with respect to the identity of the custodian and the place of detention." *Padilla*, 542 U.S. at 454 (Kennedy J., concurring, joined by O'Connor, J.); *see, e.g., Aleksander B. v. Trump*, No.

4

26-CV-170 (KMM/DJF), ECF No. 18 at 5–6 (Jan. 22, 2026) (applying this exception and collecting similar cases).

The facts of this case are materially distinguishable from those cases. His Petition does not allege that, at the time of filing, counsel reasonably believed Victorino L.C. was in Minnesota; the Petition is clear that Victorino L.C. was in Texas at the time of filing. Nor does he allege that, in the time leading up to filing his Petition, his location was unavailable on the ICE Detainee Online Locator System and that no one could locate him despite diligent efforts. Further, he has not argued that Respondents impeded counsel's ability to determine the proper forum for filing the habeas petition, withheld information regarding the identity of his immediate custodian, or obscured his location.

Because the Petition does not allege facts supporting application of any exception to the district-of-confinement rule, the Court transfers the case to the Southern District of Texas.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Clerk of Court is directed to transfer this case to the United States District Court for the Southern District of Texas.

Dated: January 30, 2026        BY THE COURT:

Time: 1:40 p.m.                <u>s/Nancy E. Brasel</u>
                               Nancy E. Brasel
                               United States District Judge